UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JI GUO CHEN

                        Plaintiff,                **MEMORANDUM AND ORDER**

  -against-                                         **19-CV-630 (ST)**

GLOW ASIAN FOODS, INC.
    d/b/a Glow Thai & Japanese,
QIN HSU
    a/k/a Amy Hsu
    a/k/a Amy Doe, and
"JOHN" GAO
    a/k/a Tom Gao,

                      Defendants.
----------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

      Before the Court is a motion for attorney's fees brought by Ji Guo Chen ('Plaintiff') against Glow Asian Goods, Inc., Qin Hsu, and John Gao (collectively "Defendants"). Plaintiff, a former employee, brought this suit against Defendants alleging federal and state labor law violations. Following a one-day bench trial, Plaintiff succeeded on his claims and now brings this instant motion. For the reasons discussed herein, I order that Plaintiff's motion be GRANTED, but that the total amount of requested attorneys' fees be reduced in accordance with this Memorandum and Order.

## BACKGROUND

      The Court presumes familiarity with the facts of this case as stated in the Memorandum and Opinion issued on March 23, 2023, and filed at ECF Docket Number 54. Therefore, the Court will not restate them here. After a one-day bench trial before Magistrate Judge Kathleen

Tomlinson, this matter was subsequently transferred to me for issuance of a bench trial decision.[1] *See* ECF Nos. 40; Docket Entry Dated Nov. 11, 2021 (reassigning case to Magistrate Judge Steven Tiscione). After reviewing the transcript of Judge Tomlinson's trial, I issued my decision, finding that Defendants had violated the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL") by failing to pay Plaintiff overtime, spread-of-hours pay, and failing to provide wage notices or wage statements. Mem. and Op. at 10-11, ECF No. 54. Plaintiff was awarded a total of $145,286,83 in compensatory, liquidated, and statutory damages, as well as prejudgment interest. *Id* at 15-16. Plaintiff now brings this motion for attorneys' fees. Defendants' counsel failed to file a timely reply, but the Court is in receipt of a letter from Defendant Qin Hsu stating her objections to Plaintiff's motion. *See* ECF No. 61. While that opposition is untimely, Defendant largely states she finds Plaintiff's requested fees to be unreasonable. That is the exact analysis this Court must undertake in deciding this motion in any event, even absent a specific objection from Defendant.

## DISCUSSION

### I.   Awarding of Attorneys' Fees in FLSA and NYLL Actions.

The Second Circuit utilizes the lodestar method to determine the reasonableness of requested attorney's fees. Reasonable fees are "the product of a reasonable hourly rate and the reasonable number of hours required by the case. *Millea v. Metro-N R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. City of Albany*, 522 F.3d 182, 183 (2d Cir. 2007)). The resulting product of a reasonable rate and reasonable number

---

[1] Counsel John Troy's sworn declaration erroneously states that the bench trial occurred before me. Troy Decl. at ¶ 7, ECF No. 57.

of hours is the "lodestar" figure against which Plaintiff's requested amount is judged. *See Frommert v. Conkright*, 223 F.Supp.3s 140, 149 (W.D.N.Y. 2016).

## II. Application.

Plaintiff seeks a total of $62,757.33 in legal fees for hours billed at rates ranging from $150 to $650 per hour. Upon review, while the Court is satisfied that the total hours spent on this matter is reasonable given this matter was taken from complaint to trial, counsels' rates are ultimately unreasonable, and further reduction is warranted given the straightforward nature of this case. Thus, I order that Plaintiff's requested fees be reduced as detailed herein.

### A. Reasonableness of Hours Worked.

"An application for attorney's fees must be supported by accurate, detailed, and contemporaneous time records." *Eastern Savings Bank, FSB v. Robinson,* No. 13-CV-7308, 2016 WL 3365091, at *9 (E.D.N.Y. May 9, 2016) (quoting *La Barbera v. ASTC Labs, Inc.*, 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010)) (internal quotations omitted). Even when supported by such documentation "hours that were excessive, redundant, or otherwise unnecessary to the litigation" are not recoverable. Id at *10 (quoting *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 237 (2d Cir. 1987)) (internal quotations omitted).

In total, Plaintiff's counsel billed 148.11 hours on this matter since its inception in 2019. *See* Troy Decl. at ¶ 63, ECF No. 57. Given that this matter was taken from complaint to trial, the Court finds this number of hours to be reasonable and does not impose a reduction on this basis alone.

B.  *Reasonableness of Hourly Rate.*

To determine whether an hourly rate is reasonable, "a district court should generally use the prevailing hourly rates in the district where it sits." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013). "Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals." *Robinson*, No. 13-CV-7308, 2016 WL 3365091, at *8

Plaintiff seeks an hourly rate of $650 for lead attorney John Troy, $400 for Managing Associate Aaron Schweitzer, $200 for Managing Clerk Preethi Kilaru, and $250 for Associate Tiffany Troy. These rates are uniformly unreasonable.

Plaintiff seeks to justify these rates in two ways, neither of which is persuasive. First, Plaintiff argues that while minimum wage and hourly rates for attorneys have risen in recent years, attorneys' fees rates in both the Eastern in Southern Districts have remained largely stagnant. *See* Pl. Br. at 4, ECF No. 58. However, missing from this argument is any legal authority indicating that the rates awarded in attorneys' fees awards were meant to be tied to a marker like the minimum wage or even the private billing rates of local law firms. This Court is unaware of any such authority and declines to adopt Plaintiff's reasoning without such. Instead, Plaintiff points to one case *Sajvin v. Singh Farm Corp.*, No. 17-CV-4032, 2018 U.S. Dist. LEXIS 137485, at *25 (E.D.N.Y. Aug 13, 2018), in which the Magistrate Judge awarded fees at a rate of $500 per hour, $50 above the maximum average rate at the time.

Magistrate Judge Reyes reasoned that the upwards deviation was warranted in that case, in part, due to "[t]he passage of time," but also due to the leading attorney's "experience, expertise, and reputation." *Id*. Counsel in *Sajvin* routinely ranked among lists of "Best Lawyers in America" and "New York Super Lawyers." *Id*. His firm, of which counsel was a founding partner, was a

Tier-1 New York City law firm in the area of Labor and Employment since 2017. *Id.* Thus, Magistrate Judge Reyes determined the upwards deviation was warranted. Counsel in the instant case is distinguishable. To summarize, without belaboring the point, counsel's firm has a history of conduct in this district and in the Southern District resulting in admonishment and at times outright sanctions. *See, e.g., Panora v. Deenora Corp*, 521 F. Supp.3d 177, 180 (E.D.N.Y. 2021) (imposing sanctions of $2000 and reasonable attorneys' fees and costs where counsel altered collective action notices after court approval and distributed same to potential collective members); *Chen v. 2424 Broadway Chao Restaurant, LLC*, 331 F.R.D. 568, 572-74 (S.D.N.Y. 2019) (imposing sanctions where counsel certified responses that conflicted with prior deposition testimony on material, dispositive issues of fact); *Chen v. H.B. Restaurant Group, Inc*, No. 16-CV-2005 (RWL), 2020 WL 115279, at *12 n. 20 (S.D.N.Y. Jan. 9, 2020) (highlighting "yet another instance in which Plaintiffs' counsel—Troy Law PLLC—has submitted conflicting sworn testimony. . . . This course of conduct raises concerns about counsel's diligence in meeting ethical obligations to sufficiently investigate matters before they are filed and to guard against and take appropriate action with respect to submission of false testimony.").

The Court notes these cases, not to accuse counsel of any wrongdoing in this matter, but to distinguish *Sajvin*, a rare instance in which an upwards exception was made in granting an attorneys' fees award which was done, in large part, because of the attorney's exceptional record and reputation. 2018 U.S. Dist. LEXIS 137485, at *25. This is not one of those exceedingly rare cases.

Plaintiff also argues that the proposed rates are "at par or slightly above the rates routinely given in District Court throughout this nation. . .." Pl. Br. at 4, ECF No. 58. This is false. Far from being "at par" Plaintiff's briefing is clear that the upper limit for attorneys' fees motions is far

below what Plaintiff is asking for in this instance case. *See* Pl. Br. at 3. John Troy for example, seeks a rate of $650 an hour yet acknowledges that $450 is the maximum of the typical range seen in both the Eastern and Southern Districts. *Id*. This is not at par, nor is it merely slightly above. Furthermore, Plaintiff's briefing makes clear that no federal court has ever awarded him the $650 rate requested. *Id.*

Plaintiff has also failed to put forward any other figure as some "national average" that is more approximate to the amounts requested here. Even if he had, Plaintiff has failed to present any rationale for applying such a national average in this case. Second Circuit case law allows for the use of an out-of-district hourly rate in setting a presumptively reasonable rate only "if it is clear that a reasonable, paying client would have paid those higher rates." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191 (2d Cir. 2010). However, it is presumed "that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally. This presumption may be rebutted—albeit only in the unusual case. . .." *Id*. Having raised no such rationale on why any rate other than the Eastern District rate should govern, the Eastern District rates stated above are the presumptively reasonable ranges for the purposes of this Order.

All of Plaintiff's requested hourly rates fall outside of the Eastern District's ranges except for Associate Tiffany Troy. Thus, a reduction in rates is appropriate in this instance. In determining an appropriate hourly rate, a court may consider "the complexity and difficulty of the case . . .." *Cabrera v. Schafer*, No. 12-CV-6323 (ADS) (AKT), 2017 WL 9512409, at *1 (E.D.N.Y. Feb. 17, 2017), *report and recommendation adopted*, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017). This case was ultimately simple to decide. The parties consented to stipulations of fact that were outcome determinative at trial. *See* Mem. and Op. at 9-11, ECF No. 54. Not only that, but the

stipulations streamlined the trial to such a degree that this matter was resolved in a single-day bench trial. Furthermore, issues of failure to pay overtime and recordkeeping claims are standard and straightforward claims under the FLSA. Considering the simplicity of this matter, I recommend Plaintiffs' attorneys be awarded fees at middling rates appropriate for this district. John Troy shall be awarded fees at an hourly rate of $325 and $175 for travel, associates Aaron Schweitzer and Tiffany Troy's rates are set at $150 and $75 for travel, and clerk Preethi Kilaru's rate is set at $85. Adjusting Plaintiff's submitted hours accordingly yields the following results:

| Name | Rate | Hours | Fees |
|---|---|---|---|
| John Troy | $325 | 49.45 | $16,071.25 |
| John Troy | $175 | 5.00 | $875.00 |
| Aaron Schweitzer | $150 | 51.35 | $7,702.50 |
| Aaron Schweitzer | $75 | 2.25 | $168.75 |
| Preethi Kilaru | $85 | 33.82 | $2,874.70 |
| Tiffany Troy | $150 | 4.24 | $636.00 |
| Tiffany Troy | $75 | 2.00 | $150.00 |
| Total | | | $28,478.20 |

### III.   Plaintiff's Costs.

Plaintiff also seeks to recover $2,172,93 in costs for things such as service of process fees, filing fees, postage, etc. Awards of attorneys' fees also include '"those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Sajvin*, 2018 U.S. Dist. LEXIS 137485, at *25 (quoting *Field Day, LLC v. County of Suffolk*, No. 04-cv-2202 (DRH)

(ETB), 2010 WL 5491025, at *8 (E.D.N.Y. Sept. 9, 2010)). After reviewing the requested costs, I find them to be reasonable and hereby award them in full.

## CONCLUSION

For the reasons set forth above, this Court orders that Plaintiff's motion be GRANTED, and that attorneys' fees be awarded in the amount of $28,478.20 in attorneys' fees plus $2,172.93 in costs.

**SO ORDERED.**

 /s/ Steven Tiscione\
Steven L. Tiscione\
United States Magistrate Judge\
Eastern District of New York

Dated: Central Islip, New York\
       September 27, 2023