UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JI GUO CHEN, | |
| Plaintiff, | **MEMORANDUM & ORDER**<br>2:19-cv-630-ST |
| -against- | |
| GLOW ASIAN FOODS, INC. d/b/a Glow Thai & Japanese, QIN HSU a/k/a Amy Hsu a/k/a Amy Doe, and "JOHN" GAO a/k/a Tom Gao, | |
| Defendant(s). | |

**TISCIONE, United States Magistrate Judge:**

"Much has been written in this district about the inflated rates charged by John Troy and others at his firm." *Shi v. TL & CG Inc.*, 2023 WL 5827598, at *5 (S.D.N.Y. Sept. 8, 2023). Indeed, in its September 27, 2023, Memorandum and Order awarding Plaintiff $28,478.20 in attorneys' fees plus $2,172.93 in costs, the Court spent considerable time parsing the attorney billing records and explaining the many ways in which the hourly rates sought in the fee application were exorbitant. *See* Order Dated September 27, 2023, ECF No. 64. Nevertheless, on October 11, 2023, Plaintiff moved for reconsideration of the portion of the order awarding $150 per hour to associate Aaron Schweitzer, seeking an increase to $350 per hour. *See* Plaintiff's Motion for Reconsideration ("Mot."), ECF No. 67. For the following reasons, the motion is DENIED.

## LEGAL STANDARD

The standard for evaluating a Rule 59(e) motion is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration should not be granted where the movant merely seeks to relitigate an issue already decided. *Id. See also Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 2012) ("It is well-settled

-1-

that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'"). Rather, a court may grant a motion for reconsideration if the movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). The decision to grant a Rule 59(e) motion rests in the sound discretion of this Court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

## DISCUSSION

To determine whether an hourly rate is reasonable, "a district court should generally use the prevailing hourly rates in the district where it sits." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013). In this District, the market rate for junior associates is $100 to $200 per hours, *Sevilla v. House of Salads One LLC*, 2022 WL 954740, at *12 (E.D.N.Y. Mar. 30, 2022), and $200 to $325 per hour for senior associates. *Payamps v. M & M Convenience Deli & Grocery Corp.*, 2019 WL 8381264, at *15 (E.D.N.Y. Dec. 9, 2019). This Court awarded Mr. Schweitzer $150 per hour – the median market rate for junior associates.

Plaintiff argues "[t]he awarded rate is below the range given to associates of comparable experience in this district. Specifically, despite being a senior associate with extensive litigation and trial experience, Mr. Schweitzer was awarded the median to lower-end rate given to a junior associate in similar cases." Mot. Mr. Schweitzer, however, was a junior associate at the time this case was litigated. By Plaintiff's own admission "much of the litigation in this case was conducted before Mr. Schweitzer attained senior status." *Id.*

The demarcation between a junior and senior associate is *generally* four or more years of experience. *Garland v. Cohen & Krassner*, 2011 WL 6010211, at *9 (E.D.N.Y. Nov. 29, 2011). A

brief timeline is relevant. Mr. Schweitzer was admitted to practice in this district in May 2018. *See* Mot. at 1. This action commenced January 2019, discovery was completed as of August 2020, a one-day bench trial was held on June 29, 2021, and post-trial briefing concluded November 2021. *See* Memorandum and Opinion Dated March 23, 2023, ECF No. 54. Mr. Schweitzer was a junior associate from the date of the complaint through post-trial briefing.

Nevertheless, Plaintiff presumes Mr. Schweitzer is entitled to senior associate rates "to compensate for the delay in payment from the time the work was performed to the time it is paid." *Shi*, 2023 WL 5827598, at *5 (citing *Reiter v. MTA New York City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006). Plaintiff asserts Mr. Schweitzer should be awarded senior associate pay because he attained senior status in the wake of post-trial briefing. The assertion is misplaced.

*Reiter* affirms the notion that the market rates used to calculate attorney fees "should be current rather than historic hourly rates." 457 F.3d at 232 (citation and quotations marks omitted). There, the district court was overturned because it "relied primarily on the retainer agreement rate, rather than prevailing current market rates, concluding that the amount actually charged by counsel was a dispositive indicator of a reasonable rate" *Id*. at 228. *Reiter* stands for the proposition that a court must be guided by current market rates rather than an outdated retainer agreement signed at the inception of an action. *Id*. *Reiter* does not stand for the proposition that a junior associate who attains senior status after the lion's share of a case concluded is retroactively entitled to senior associate rates.  At best, *Reiter* suggests only that the Court should apply the *current* market rate for junior associates as opposed to the market rate at the time the work was completed.

At the time this case was litigated, Mr. Schweitzer was a junior associate, and the current market rate in the Eastern District of New York for junior associates is $100 to $200 per hour.  *See, e.g., Rueda v. A&G Iron Works Corp., et al.,* No. 1:25-CV-1791 (MKB), 2026 WL 183692, at *17

(E.D.N.Y. Jan. 23, 2026) (collecting cases).  The $150 per hour rate this Court awarded to Mr. Schweitzer is squarely within the current prevailing market rate in this district and thus entirely appropriate.  Nothing in Plaintiff's motion for reconsideration casts doubt on the Court's analysis and chosen fee rate, much less how it would exceed the Court's "considerable discretion in determining what constitutes reasonable attorney's fees in a given case …" *Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 105 (2d Cir. 2022) (*quoting Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir. 2008)).

Plaintiff fails to meet the standard articulated by Rule 59(e) and has not pointed to any "controlling decisions or data [this] Court overlooked." *Shrader*, 70 F.3d at 257. The bar set out by Rule 59(e) is a high one. Plaintiff falls well short.

**<u>CONCLUSION</u>**

Plaintiff's motion for reconsideration is DENIED.

**SO ORDERED.**

/s/
_____

Steven Tiscione

United States Magistrate Judge

Eastern District of New York

Dated: Central Islip, New York

January 28, 2026